```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DANIEL L. CINCOSKI**                                              PLAINTIFF

       v.         Civil No. 10-5241

**NURSE RHONDA BRADLEY;**
**SHERIFF TIM HELDER; and**
**MAJOR RANDALL DENZER**                                          DEFENDANTS

<u>O R D E R</u>

Now on this 29th day of September, 2011, come on for consideration the following:

    \*    defendants' **Motion To Dismiss** (document #20);

    \*    the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #24);

    \*    plaintiff's **Objection** to the R&R (document #25); and

    \*    plaintiff's **Motion For Leave To File An Amended Complaint** (document #26),

and from said documents, the Court finds and orders as follows:

    1.    Plaintiff Daniel L. Cincoski ("Cincoski") complains that defendants denied him medical care for serious medical needs, in violation of his constitutional right to such care.

    2.    On August 30, 2011, defendants filed their Motion To Dismiss, stating that they had propounded written discovery to Cincoski on January 4, 2011. When no response was received, defendants sought and obtained an Order, dated July 19, 2011, compelling Cincoski to produce the discovery responses by August

5, 2011. Defendants asserted that they still had not received responses to their written discovery, and moved to dismiss for failure to prosecute and failure to obey a court order.

3. By R&R dated September 2, 2011, the Magistrate Judge noted Cincoski's failure to respond to discovery requests and his failure to comply with the July 19, 2011, Order, and recommended that this Court dismiss for failure to prosecute and failure to comply with the Court Order.

4. In his Objection, Cincoski states that he wishes to amend his Complaint, and he attaches three documents from Ozark Guidance Center. He asks for more time to respond to discovery, but he offers no reason for his failure to respond in a timely fashion.

Simultaneously with his Objection, Cincoski moved for leave to amend his Complaint. He does not, however, give any clue in this motion as to why he believes he should be allowed to amend or what new claims he would include in an amended complaint.

5. Cincoski's Objection to the R&R is without merit, and will be overruled, in that it simply fails to address the basis upon which the Magistrate Judge recommended dismissal.

6. The Court likewise finds the Motion To Amend without merit. While leave to amend should be freely granted, **F.R.C.P. 15(a)**, it may be denied where it would be futile, **Dennis v. Dillard Department Stores, Inc.**, 207 F.3d 523, 525 (8th Cir.

**2000).** Cincoski's failures to respond to discovery requests and to obey the Magistrate Judge's Order indicate that he is not willing to follow the **Federal Rules of Civil Procedure** and not willing to obey Court orders, suggesting that any amendment will simply prolong proceedings wherein Cincoski will continue to ignore rules and orders. While Cincoski repeatedly points out his *pro se* status, that status does not excuse these failures. *Pro se* representation "does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." **Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).**

    **IT IS THEREFORE ORDERED** that plaintiff's **Objection** to the R&R (document #25) is **overruled**.

    **IT IS FURTHER ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #24) is **adopted** *in toto*.

    **IT IS FURTHER ORDERED** that plaintiff's **Motion For Leave To File An Amended Complaint** (document #26) is **denied**.

    **IT IS FURTHER ORDERED** that defendants' **Motion To Dismiss** (document #20) is **granted**, and this matter is **dismissed**.

    **IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**